IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HUFTILE,

        Plaintiff,                      No. CIV S-03-0604 DFL JFM P

    vs.

JACK VOGNSEN, Ph.D.,        <u>ORDER</u>

        Defendant.

_____/

        Plaintiff is in custody at Atascadero State Hospital pursuant to California's Sexually Violent Predators Act, Welfare and Institutions Code § 6600, et seq. Plaintiff is proceeding pro se and in forma pauperis with a civil rights action seeking relief under 42 U.S.C. § 1983. This proceeding was referred to the undersigned by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        On October 3, 2005, pursuant to court order, plaintiff filed a second amended complaint. As noted in this court's September 13, 2005 order, because plaintiff is proceeding in forma pauperis, the court reviews plaintiff's complaint to determine whether the action

        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from relief.

28 U.S.C. § 1915(e)(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3    (9th Cir. 1984).  The court must, therefore, dismiss a case as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.  The critical inquiry is whether a claim, however inartfully pleaded, has an
6    arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);
7    Franklin, 745 F.2d at 1227.

8    A case should be dismissed for failure to state a claim upon which relief can be
9    granted if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims
10   that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v.
11   Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
12   complaint under this standard, the court accepts as true the allegations of the complaint.  Hospital
13   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes the
14   pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor.
15   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

16   Plaintiff again named Jack Vognsen, Ph.D., as his sole defendant.  As noted in
17   this court's previous order, Dr. Vognsen and Dr. Miccio-Fonseca testified at petitioner's civil
18   commitment proceedings trial in 2002.[1]  See Huftile v. Hunter, CIV S-05-0174 GEB DAD P
19   (application for writ of habeas corpus challenging plaintiff's November 1, 2002 civil
20   commitment).  Plaintiff's claims here are analogous to his claims raised against Dr. Miccio-
21   Fonseca in a separate civil rights action.  Huftile v. Miccio-Fonseca, 410 F.3d 1136 (9th Cir.
22   2005)(Heck barred Huftile's civil rights claims for monetary damages because they necessarily
23   implicate the validity of his underlying civil commitment.)  Plaintiff's claims here similarly
24   /////

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

challenge the validity of mental health information used to support his civil commitment.[2] However, that commitment has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Thus, plaintiff's civil rights claims for monetary damages are barred pending invalidation of his underlying civil commitment.

Although expressly instructed to include only claims for injunctive relief in his second amended complaint, plaintiff included his claims barred by Heck, 512 U.S. at 477, his medical malpractice claims and his claim that defendant violated his right to privacy.

Plaintiff asks the court to allow him to amend his complaint or to refile it and ask for damages and declaratory relief should he obtain a favorable termination order under Heck. Plaintiff is advised that any claims dismissed under Heck would be dismissed without prejudice.

Plaintiff alleges defendant violated his right to privacy.

> Individuals have a constitutionally protected interest in avoiding disclosure of personal matters, including medical information. Whalen v. Roe, 429 U.S. 589, 599-600 . . . (1977); Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir.2004). However, "the right to informational privacy is not absolute; rather, it is a conditional right which may be infringed upon a showing of proper governmental interest." Tucson Woman's Clinic, 379 F.3d

---

[2] "[T]the structure of the SVPA statutory scheme indicates that the success of Huftile's § 1983 claim would necessarily imply the invalidity of his civil commitment. Before the California Director of Mental Health can forward a request for an SVPA commitment petition to the appropriate county, two evaluators must agree that "the person has a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody." Cal. Welf. & Inst.Code § 6601(d). An attorney for that county may then file a petition for commitment. Id. § 6601(i). A judge must then review this petition to determine whether there is probable cause to believe that the person "is likely to engage in sexually violent predatory criminal behavior" upon release. Id. § 6602(a). Because Dr. Miccio-Fonseca was one of Huftile's evaluators, a judgment in favor of Huftile in his § 1983 action would necessarily imply the invalidity of his civil commitment. That is, if only one evaluator, rather than two, had concluded that Huftile had a "mental disorder" within the meaning of § 6601(d), there would have been no basis for the state Director of Mental Health to send the request to the county, no basis for the county attorney to file a petition for commitment, and no basis for the judge to go forward with a probable cause determination." Huftile, 410 F.3d at 1140-41.

at 551 (citation omitted); <u>Planned Parenthood of Southern Arizona v. Lawall</u>, 307 F.3d 783, 790 (9th Cir.2002). Thus, the Court must " 'engage in the delicate task of weighing competing interests' to determine whether the government may properly disclose private information." <u>In re Crawford</u>, 194 F.3d 954, 959 (9th Cir.1999), <u>cert. denied</u>, 528 U.S. 1189 . . . (2000) (citation omitted); <u>Planned Parenthood of Southern Arizona</u>, 307 F.3d at 790. Relevant factors include: (1) the type of information requested; (2) the potential for harm in any subsequent non-consensual disclosure; (3) the adequacy of safeguards to prevent unauthorized disclosure; (4) the degree of need for access; and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access. <u>Tucson Woman's Clinic</u>, 379 F.3d at 551; <u>In re Crawford</u>, 194 F.3d at 959. "The list is not exhaustive, and the relevant considerations will necessarily vary from case to case." <u>In re Crawford</u>, 194 F.3d at 959. "In most cases, it will be the overall context, rather than the particular item of information, that will dictate the tipping of the scales." <u>Id.</u>

<u>Hubbs v. Alamao</u>, 360 F.Supp.2d 1073, 1081 (C.D. Cal. 2005). In <u>Hubbs</u>, the district court evaluated whether the privacy right of Hubbs, determined to be a sexually violent predator, outweighed the state's compelling government interest in "identifying, confining and treating sexually violent predators, who have been diagnosed as sexually violent and represent a distinct threat to the health and safety of the public." <u>Id.</u> at 1081-82 (citations omitted). The <u>Hubbs</u> court found that the "balance falls squarely in the State's favor" (<u>id.</u> at 1082) and held Hubbs' constitutional rights were not violated when certain doctors reviewed Hubbs' medical records. (<u>Id.</u>) This court adopts the reasoning of the <u>Hubbs</u> court and finds plaintiff's constitutional right to privacy was not violated by defendant herein.

This court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. However, when federal claims have been dismissed before trial, the interests promoted by supplemental jurisdiction are no longer present, and a court should decline to exercise jurisdiction over state law claims. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988). Thus, this court again declines to exercise jurisdiction over plaintiff's medical malpractice claims.

/////

Plaintiff also seeks injunctive relief precluding defendant from employing the challenged policies, practices and customs alleged in plaintiff's second amended complaint. The Ninth Circuit Court of Appeals found that plaintiff's injunctive relief claims against Dr. Miccio-Fonseca were not barred by Heck. Huftile, 410 F.3d at 1142. As noted in this court's prior order, however, it appears from that 2005 opinion that plaintiff's circumstances have changed[3] and it is still unclear on the present record whether defendant was involved in the 2005 recommitment proceedings. All of the allegations in plaintiff's second amended complaint refer to actions taken by defendant in 2001. Plaintiff must allege a real and immediate threat of harm at the hands of the defendant named herein. Thus, whether or not defendant Vognsen played a role in the 2005 recommitment proceedings is particularly relevant. Accordingly, plaintiff's second amended complaint will again be dismissed and plaintiff will be granted leave to file a third amended complaint to more fully develop his claim for prospective injunctive relief,[4] if appropriate. Plaintiff is cautioned that he cannot seek release from prison nor seek reversal of orders issued relative to his sexually violent predator status as those claims are barred under

---

[3] "We have been informed in a post-argument submission that probable cause for a recommitment trial was found on March 14, 2005, and that a trial has been set for August 23, 2005. Huftile is being detained at Atascadero State Hospital pending the civil recommitment trial. Dr. Miccio-Fonseca did not conduct any of the evaluations underlying the state's recommitment petition." Huftile, 410 F.3d at 1141.

[4] "It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 103 (1983). This requirement, known as constitutional standing, requires the plaintiff to allege "that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.' " Lyons, 461 U.S. at 103 (quoting Golden v. Zwickler, 394 U.S. 103, 109-10 (1969)). See also Lewis v. Casey, 518 U.S. 343, 351-354 (1996).
To pursue injunctive relief, therefore, a plaintiff must not only be able to show that he has suffered an injury in the past, but also that he is likely to be similarly injured in the future. City of Los Angeles v. Lyon, 461 U.S. 95, 105-09 (1983) (plaintiff, who had been placed in a choke hold when arrested, lacked standing to seek an injunction against what he deemed to be a policy of routinely placing choke holds on arrestees, because any allegations of future injury were too speculative); see also meet the usual requirements for injunctive relief, see, O'Shea v. Littleton, 414 U.S. 488, 499 (1974).

Heck. Most of plaintiff's claims concerning defendant's actions in the past would necessarily imply the validity of his underlying civil commitment and therefore would be barred under Heck.

If plaintiff chooses to file a third amended complaint, plaintiff must include only his claims for prospective injunctive relief. He should refrain from raising the civil rights claims barred by Heck (see September 13, 2005 order), and privacy or medical malpractice claims addressed above. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the original pleading no longer serves any function in the case.

Finally, plaintiff has brought his complaint as a 42 U.S.C. §1983 civil rights action stating he is seeking only injunctive relief. However, in his prayer for relief, plaintiff seeks his immediate and unconditional release. Such relief cannot be awarded in a civil rights action under § 1983. Such relief may only be awarded through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Plaintiff is correct that he may elect to proceed under § 1983 with a claim for prospective injunctive relief rather than bringing a properly exhausted habeas[5] petition. Huftile v. Miccio-Fonseca, 410 F.3d 1136 (9th Cir. 2005). But, the types of relief allowed under § 1983 are quite different from that offered by a successful habeas petition. Success in a § 1983 action will allow a court to order a new hearing at which Dr. Vognsen is forbidden from participating. If a fair hearing is once again denied, the court may only order yet another hearing, but the court could not order petitioner released or the order declaring plaintiff to be a sexually violent predator to be reversed. Moreover, any such order would not prevent the state from having a different psychiatrist or psychologist review plaintiff's

---

[5] Plaintiff has a petition for writ of habeas corpus pending in this district. (Case No. CIV S-05-0174 GEB DAD P.)

records and testify at the next hearing. However, in a habeas action, the court has latitude to grant far greater relief. If the court found that there was not sufficient evidence to support the finding that plaintiff is a sexually violent predator under the law, the court could grant the habeas petition and order the petitioner released. Plaintiff should consider whether his efforts are better focused in seeking habeas relief through his presently pending habeas petition seeking release from prison rather than attempting to artfully plead related arguments in the instant case.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; plaintiff shall raise only injunctive relief claims; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: October 21, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

001; huft0604.lta2