IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HUFTILE,

        Plaintiff,                    No. CIV S-03-0604 DFL JFM P

    vs.

JACK VOGNSEN,

        Defendant.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's fourth amended complaint, filed July 7, 2006. On August 14, 2006, plaintiff filed a motion for a preliminary injunction. In this motion, plaintiff contends Jack Vognsen used an illegal Clinical Evaluator's Handbook and Standardized Assessment Protocol (SAP) manual to fabricate his first Sexually Violent Predator Act (SVPA) evaluations of plaintiff, leading to plaintiff's current confinement. Plaintiff also alleges that "as early as this autumn a court date will be set in the Sacramento County Superior Court pursuant to the recommitment petition that has been filed there." Id. at 1. Plaintiff contends that subsequent evaluators have relied on Vognsen's evaluation and appears to argue that he is at risk for future recommitment based on Vognsen's evaluation if this court does not grant plaintiff injunctive relief to prevent it.

1

The legal principles applicable to a request for preliminary injunctive relief are well established.  To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor."  Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits.  Id.

As a threshold matter, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11 Federal Practice and Procedure, § 2947 (1973).  In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979).  Implicit in this required showing is the notion that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

/////

Plaintiff seeks injunctive relief in his fourth amended complaint, which has not yet been served on defendant. The instant motion is, therefore, prematurely brought. By separate order, the court has directed plaintiff to provide the forms necessary to serve defendant Vognsen.

Moreover, plaintiff does not appear to have a date certain for his next recommitment hearing, rendering the instant request speculative.

To the extent plaintiff seeks an order directing the Sacramento County Superior Court not to allow any Vognsen's evaluations to be considered in plaintiff's recommitment proceedings, that court is not a party to this action. These claims do not implicate this court's jurisdiction in a way that might justify application of the All Writs Act to reach the Sacramento County Superior Court which is not named in the underlying litigation.[1]

Finally, plaintiff has not demonstrated a probability that plaintiff will succeed on the merits.

For these reasons, plaintiff's motion for preliminary injunctive relief should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's August 14, 2006 motion for preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the

---

[1] The fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

1 | objections shall be served and filed within ten days after service of the objections.  The parties
2 | are advised that failure to file objections within the specified time may waive the right to appeal
3 | the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 | DATED:  September 12, 2006.

UNITED STATES MAGISTRATE JUDGE

/001
huft0603.pi