IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HUFTILE,

    Plaintiff,                    No. CIV S-03-0604 DFL JFM P

vs.

JACK VOGNSEN, Ph.D.,

    Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983 cases. On September 14, 2006, plaintiff filed a motion seeking to reinstate his claims for declaratory relief and damages. Plaintiff claims that his January 8, 2003 discharge from the Department of Mental Health and transfer to the California Department of Corrections satisfies the "favorable termination" rule required by Heck v. Humphrey, 512 U.S. 447 (1994).

        On September 3, 2003, plaintiff's complaint in Huftile v. Miccio-Fonseca[1], Civ S-03-1522 FCD DAD P, was dismissed pursuant to Heck.[2] Plaintiff appealed that decision to the

---

[1] Dr. Miccio-Fonseca and Dr. Vognsen testified at plaintiff's civil commitment proceedings trial in 2002. See Huftile v. Hunter, CIV S-05-0174 GEB DAD P (application for writ of habeas corpus challenging plaintiff's November 1, 2002 civil commitment).

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

Ninth Circuit Court of Appeals.  Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1141 (9th Cir. 2005). Plaintiff admits that he argued before the circuit court that plaintiff's transfer from the Department of Mental Health back to the custody of the California Department of Corrections meant plaintiff had "received a Heck 'favorable termination.'" (September 14, 2006 Motion at 1.)  However, plaintiff contends the circuit court "ignored" this "vital element" of his argument. (Id.) On June 10, 2005, the circuit court held that plaintiff's claims for damages and declaratory relief were barred by Heck.  Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1141 (9th Cir. 2005). Plaintiff now claims that he only recently received paperwork documenting his "discharge" from the Mental Health Department and argues this is newly-discovered evidence that he received a favorable termination of his civil commitment sufficient to satisfy Heck.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486.  Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence.  Id.  If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.

In June 2005, the United States Court of Appeals for the Ninth Circuit held that the rule announced in Heck applies to claims for money damages and declaratory relief that implicate the validity of civil commitment proceedings under California's Sexually Violent Predators Act ("SVPA").  See Huftile v. Miccio-Fonseca, 410 F.3d 1136 (9th Cir. 2005).  In Huftile, the court of appeals held that a claim against a doctor arising from an evaluation prepared for commitment proceedings under the SVPA and testimony offered in those

/////

proceedings was barred by the rule announced in Heck, See Huftile, at 1138-1141. The Huftile court made the following findings:

> The district court record does not include a transcript of Huftile's civil commitment proceeding. However, the structure of the SVPA statutory scheme indicates that the success of Huftile's § 1983 claim would necessarily imply the invalidity of his civil commitment. Before the California Director of Mental Health can forward a request for an SVPA commitment petition to the appropriate county, two evaluators must agree that "the person has a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody." Cal. Welf. & Inst. Code § 6601(d). An attorney for that county may then file a petition for commitment. Id. § 6601(I). A judge must then review this petition to determine whether there is probable cause to believe that the person "is likely to engage in sexually violent predatory criminal behavior" upon release. Id. § 6602(a). Because Dr. Miccio-Fonseca was one of Huftile's evaluators, a judgment in favor of Huftile in his § 1983 action would necessarily imply the invalidity of his civil commitment. That is, if only one evaluator, rather than two, had concluded that Huftile had a "mental disorder" within the meaning of § 6601(d), there would have been no basis for the state Director of Mental Health to send the request to the county, no basis for the county attorney to file a petition for commitment, and no basis for the judge to go forward with a probable cause determination.

Id. at 1141.

Put another way, the Supreme Court's holding in Heck requires plaintiff to have his civil commitment reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus, and he cannot collaterally attack his conviction by filing a § 1983 action.

The revocation of plaintiff's parole had no legal impact on his civil commitment other than to terminate his custody in the Department of Mental Health and return him to the custody of the Department of Corrections. His discharge from the civil commitment did not invalidate or call into question the underlying validity of the civil commitment. Plaintiff has provided no legal authority in support of his argument and this court has found none.

Moreover, because the circuit court was aware of plaintiff's 2003 transfer from the Department of Mental Health to the custody of the California Department of Corrections at the time plaintiff appealed the Heck dismissal in Huftile v. Miccio-Fonseca, 410 F.3d at 1136,

this court is bound to follow that court's finding that plaintiff is barred from seeking declaratory relief or damages "unless and until his civil commitment is invalidated." Id. at 1142.  Just because the circuit court did not expressly reference the fact that plaintiff had been transferred to the custody of the California Department of Corrections does not mean that the court did not consider that fact in reaching its decision.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's September 14, 2006 motion to reinstate his claims for declaratory relief and damages be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 29, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/001; huft0604.rec