IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HUFTILE,

    Plaintiff,                       No. CIV S-03-0604 DFL JFM P

    vs.

JACK VOGNSEN, Ph.D.,           ORDER AND AMENDED

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding pro se[1] with a civil rights action pursuant to 42 U.S.C. § 1983 cases. On November 30, 2006, this court issued findings and recommendations. On December 26, 2006, plaintiff filed objections. Good cause appearing, the November 30, 2006 findings and recommendations will be vacated and amended findings and recommendations will issue herewith.

        On September 14, 2006, plaintiff filed a motion seeking to reinstate his claims for declaratory relief and damages. Plaintiff claims that his January 8, 2003 discharge from the Department of Mental Health and transfer to the California Department of Corrections satisfies the "favorable termination" rule required by Heck v. Humphrey, 512 U.S. 447 (1994).

---

[1] At the time plaintiff filed his complaint, he was a civil detainee housed at Atascadero State Hospital. Plaintiff is presently housed at Coalinga State Hospital.

1

1    On September 3, 2003, plaintiff's complaint in Huftile v. Miccio-Fonseca[2], Civ S-
2 03-1522 FCD DAD P, was dismissed pursuant to Heck.[3]  Plaintiff appealed that decision to the
3 Ninth Circuit Court of Appeals.  Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1141 (9th Cir. 2005).
4 Plaintiff admits that he argued before the circuit court that plaintiff's transfer from the
5 Department of Mental Health back to the custody of the California Department of Corrections
6 meant plaintiff had "received a Heck 'favorable termination.'" (September 14, 2006 Motion at
7 1.)  However, plaintiff contends the circuit court "ignored" this "vital element" of his argument.
8 (Id.)  On June 10, 2005, the circuit court held that plaintiff's claims for damages and declaratory
9 relief were barred by Heck.  Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1141 (9th Cir. 2005).
10 Plaintiff now claims that he only recently received paperwork documenting his "discharge" from
11 the Mental Health Department and argues this is newly-discovered evidence that he received a
12 favorable termination of his civil commitment sufficient to satisfy Heck.

13    In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held
14 that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction
15 or imprisonment cannot be maintained absent proof "that the conviction or sentence has been
16 reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
17 authorized to make such determination, or called into question by a federal court's issuance of a
18 writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486.  Under Heck, the court is
19 required to determine whether a judgment in plaintiff's favor in this case would necessarily
20 invalidate his commitment.  Id.  If it would, the complaint must be dismissed unless the plaintiff
21 can show that the commitment has been invalidated.
22 /////

---

[2]  Dr. Miccio-Fonseca and Dr. Vognsen testified at plaintiff's civil commitment proceedings trial in 2002.  See Huftile v. Hunter, CIV S-05-0174 GEB DAD P (application for writ of habeas corpus challenging plaintiff's November 1, 2002 civil commitment).

[3]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

In June 2005, the United States Court of Appeals for the Ninth Circuit held that the rule announced in Heck applies to claims for money damages and declaratory relief that implicate the validity of civil commitment proceedings under California's Sexually Violent Predators Act ("SVPA").  See Huftile v. Miccio-Fonseca, 410 F.3d 1136 (9th Cir. 2005).  In Huftile, the court of appeals held that a claim against a doctor arising from an evaluation prepared for commitment proceedings under the SVPA and testimony offered in those proceedings was barred by the rule announced in Heck,  See  Huftile, at 1138-1141.  The Huftile court made the following findings:

> The district court record does not include a transcript of Huftile's civil commitment proceeding. However, the structure of the SVPA statutory scheme indicates that the success of Huftile's § 1983 claim would necessarily imply the invalidity of his civil commitment.  Before the California Director of Mental Health can forward a request for an SVPA commitment petition to the appropriate county, two evaluators must agree that "the person has a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody." Cal. Welf. & Inst. Code § 6601(d).  An attorney for that county may then file a petition for commitment. Id. § 6601(I).  A judge must then review this petition to determine whether there is probable cause to believe that the person "is likely to engage in sexually violent predatory criminal behavior" upon release.  Id. § 6602(a).  Because Dr. Miccio-Fonseca was one of Huftile's evaluators, a judgment in favor of Huftile in his § 1983 action would necessarily imply the invalidity of his civil commitment. That is, if only one evaluator, rather than two, had concluded that Huftile had a "mental disorder" within the meaning of § 6601(d), there would have been no basis for the state Director of Mental Health to send the request to the county, no basis for the county attorney to file a petition for commitment, and no basis for the judge to go forward with a probable cause determination.

Id. at 1141.

Put another way, the Supreme Court's holding in Heck requires plaintiff to have his civil commitment reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus, and he cannot collaterally attack his commitment by filing a § 1983 action.

The revocation of plaintiff's parole had no legal impact on his civil commitment other than to terminate his custody in the Department of Mental Health and return him to the

1  custody of the Department of Corrections.  His discharge from the civil commitment did not

2  invalidate or call into question the underlying validity of the civil commitment.  Plaintiff's

3  citations to Heck and to Nonnette v. Small, 316 F.3d 872, 875-77 (9th Cir. 2002)[4] are unavailing.

4  Although exceptions to Heck's bar exist, any such exceptions do not apply here.

5         Moreover, because the circuit court was aware of plaintiff's 2003 transfer from

6  the Department of Mental Health to the custody of the California Department of Corrections at

7  the time plaintiff appealed the Heck dismissal in Huftile v. Miccio-Fonseca, 410 F.3d at 1136,

8  this court is bound to follow that court's finding that plaintiff is barred from seeking declaratory

9  relief or damages "unless and until his civil commitment is invalidated."  Id. at 1142.  Just

10 because the circuit court did not expressly reference the fact that plaintiff had been transferred to

11 the custody of the California Department of Corrections does not mean that the court did not

12 consider that fact in reaching its decision.

13        Accordingly, IT IS HEREBY ORDERED that the November 30, 2006 findings

14 and recommendations are vacated; and

15        IT IS HEREBY RECOMMENDED that plaintiff's September 14, 2006 motion to

16 reinstate his claims for declaratory relief and damages be denied.

17        These findings and recommendations are submitted to the United States District

18 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

19 days after being served with these findings and recommendations, plaintiff may file written

20 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

21 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

22 /////

23 /////

24 /////

---

[4] The Nonnette court held that Heck did not bar former inmate's § 1983 action in which he claimed sentence miscalculation.  Id.

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 26, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/001; huft0604.rec2