IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HUFTILE,

    Plaintiff,                        No. CIV S-03-0604 DFL JFM P

    vs.

JACK VOGNSEN,

    Defendant.                    <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is contesting facts relating to his civil commitment proceeding in Sacramento County. The sole defendant named in this action is Jack Vognsen, Ph.D.

        On February 5, 2007, plaintiff filed a motion for protective order which he seeks an order requiring certain officials at Coalinga State Hospital to "have the computer of Gerald Kurtz secured and delivered to plaintiff so that plaintiff's files can be retrieved and protected until such time that those files can be printed" and an order that said files be immediately printed. (<u>Id</u>. at 3.) Plaintiff also seeks an order for criminal and monetary sanctions to be imposed against Barbara Devine, Unit Supervisor, Jim Robinson, Nursing Coordinator, Rocky Spurgeon, Program Director, and Thomas Voss, Executive Director. (<u>Id</u>.) Plaintiff avers that he waited thirty days after Mr. Kurtz' computer was confiscated before attempting to obtain the return of

1

1  his files, but was told that officials would not consider returning the computer until 90 days had
2  elapsed. Plaintiff notes that Coalinga State Hospital's Administrative Directives 654 and 658
3  provide that reviews of confiscated computers occur at 30, 60 and 90-day intervals, although
4  plaintiff contends the 30 day period was intended for first offenses.

5  Plaintiff incorporated the contents of his January 11, 2007 filing in his February 5,
6  2007 request. In the earlier filing, plaintiff stated that he had been permitted to use the computer
7  of Gerald Kurtz for his legal work as plaintiff had no computer of his own. (January 11, 2007
8  request at 1.) However, during this same period, another inmate, Khahn Nguyen, had been
9  permitted to use the computer. (Id.) At some point, inmate Nguyen was allegedly caught with
10 contraband items which resulted in inmate Kurtz' computer being confiscated. (Id.) Plaintiff
11 noted he had nothing to do with the contraband, nor has he been so implicated by other prison
12 officials. (Id. at 2.) Plaintiff identifies the document that is on the confiscated computer as a
13 declaration in support of plaintiff's complaint. (Id. at 1.)

14 Although plaintiff filed his request as a motion for protective order, his request is
15 more appropriately framed as a motion for preliminary injunction. The principal purpose of
16 preliminary injunctive relief is to preserve the court's power to render a meaningful decision after
17 a trial on the merits. See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947
18 (1973). In addition to demonstrating that he will suffer irreparable harm if the court fails to grant
19 the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his
20 claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982),
21 quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace
22 Workers, 584 F.2d 308, 315 (9th Cir. 1979). Implicit in this required showing is that the relief
23 awarded is only temporary and there will be a full hearing on the merits of the claims raised in
24 the injunction when the action is brought to trial.
25 /////
26 /////

1   In addition, as a general rule this court is unable to issue an order against
2 individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine
3 Research, Inc., 395 U.S. 100 (1969).[1]
4   The claim underlying the instant motion is that officials at the Coalinga State
5 Hospital are interfering with plaintiff's constitutional right to access the courts. That claim is not
6 part of the underlying complaint in this action and, therefore, will not be given a hearing on the
7 merits at trial. Further, the claim does not implicate this court's jurisdiction in a way that might
8 justify application of the All Writs Act to reach officials at the Coalinga State Hospital who are
9 not defendants in this action. See footnote 1, supra. The record before this court shows that
10 plaintiff has been able to access the court in this action to file two documents since the computer
11 was confiscated on December 29, 2006. Moreover, as noted in plaintiff's January 11, 2007
12 request for extension of time, the document at issue, apparently on file in the confiscated
13 computer, is plaintiff's "Declaration in Support of the Complaint." (Id. at 1.) Plaintiff's request
14 for extension was previously denied because plaintiff had not demonstrated why such a
15 declaration was required. (January 30, 2007 Order.) At present, there are no pending deadlines
16 plaintiff needs to meet in this action as service of process on defendant Vognsen has not yet been
17 accomplished. Plaintiff has added nothing further in his February 5 request to demonstrate the
18 need for filing such a declaration at the present time. Moreover, it is unlikely that defendant
19 Vognsen will have filed a responsive pleading by the time the 90 day period has run from the
20 date the computer was confiscated. For these reasons, plaintiff's motion for protective order,
21 construed as a motion for preliminary injunction, should be denied.

---

[1] The fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's February 5, 2007 motion be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 26, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

001; huft0604.po