**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| MICHAEL HUFTILE, | |
|---|---|
| Plaintiff, | No. 2:03-CV-0604-RRB-JFM-P |
| vs. | |
| JACK VOGNSEN, | <u>**ORDER DENYING MOTION**</u><br><u>**FOR RECONSIDERATION**</u> |
| Defendant. | |

At Docket 61 is Plaintiff Michael Huftile ("Plaintiff"), with a Motion and Notice of Motion for Reconsideration of Denial of Appointment of Counsel; wherein, Plaintiff asks the Court to reconsider his motion for appointment of counsel.

Inasmuch as the Court concludes it "has an affirmative duty to 'assist' a party in obtaining representation <u>only</u> if 'exceptional circumstances' are found,"[1] Plaintiff's Motion for Reconsideration at **Docket 61**, filed on July 5, 2007, is hereby **DENIED**. Moreover,

---

[1] See <u>Cunningham v. Bloxom</u>, 80 F. App'x 587, 588 (9th Cir. 2003)(quoting <u>U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.</u>, 795 F.2d 796, 799, 804 (9th Cir. 1986))(emphasis added).

ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION - 1
2:03-CV-0604-RRB-JFM

> While defendants in criminal actions have a constitutional right to be represented by an attorney, it is widely recognized that <u>no</u> such concurrent right is possessed by <u>parties</u> to civil actions. Indigent parties in civil actions who are unable to obtain counsel may apply for the appointment of counsel under 28 U.S.C.A. § 1915(d). Literally read, this statute allows a court to "request" an attorney to represent an indigent party, although it is generally viewed as authorizing appointment. <u>The decision to appoint counsel under 28 U.S.C.A. § 1915 lies within the discretion of the court.</u>[2]

This Court has previously determined that "[P]laintiff's health concerns do not present such extraordinary circumstances that the appointment of counsel is required, particularly because it is unlikely [P]laintiff will succeed on the merits of this case."[3] Because Plaintiff's Motion for Reconsideration at **Docket 61** does little to alter the Court's reasoning with respect to the same, it is **DENIED**.[4]

ENTERED this 13th day of August, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[2] Kevin W. Brown, J.D., <u>Appointment of Counsel, In Civil Rights Action, Under Forma Pauperis Provisions (28 U.S.C.A. § 1915(d))</u>, 69 A.L.R. Fed. 666 (1984)(footnotes omitted)(emphasis added).

[3] Docket 58 at 2.

[4] At Docket 62, and just six days after filing his Motion for Reconsideration, Plaintiff filed an interlocutory appeal regarding this matter. Consequently, the Court's ruling contained herein may be moot. Notwithstanding, and out of an abundance of caution, the Court enters its findings.

ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION - 2
2:03-CV-0604-RRB-JFM-P